IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

| | | |
|---|---|---|
| MORRIS RICKS, | : | |
| | : | |
| Petitioner, | : | |
| | : | |
| VS. | : | NO. 5:12-CV-206 (MTT) |
| | : | |
| ALBERT MURRAY, | : | |
| | : | Proceedings Under 28 U.S.C. § 2254 |
| Respondent. | : | Before the U.S. Magistrate Judge |
| | : | |

## RECOMMENDATION

Respondent Albert Murray has filed a Motion to Dismiss the above-captioned petition alleging that it is untimely according to the provisions of the Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2244(d). Doc. 9. Because Petitioner Morris Ricks failed to file his petition within the one-year period of limitations and because Petitioner has failed to establish that he is entitled to equitable tolling, it is **RECOMMENDED** that the instant petition be **DISMISSED**.

Also before the Court are Petitioner's Motion to Dismiss Constitutional Claim Six of the Petition (Doc. 11) and Motion for Evidentiary Hearing (Doc. 13). In view of the recommendation to dismiss the instant petition as time-barred, it is further **RECOMMENDED** that Petitioner's motions be **DISMISSED** as moot.

## PROCEDURAL BACKGROUND

The procedural history of this case is lengthy and filled with numerous attorney withdrawals and missed filing deadlines. On October 14, 2003, a Butts County Grand Jury indicted Petitioner and three co-defendants with one count of trafficking cocaine in violation of O.C.G.A. § 16-13-31. Doc. 10-1 at 31-32. Shortly after his appointment, Petitioner's counsel

1

moved to withdraw from representation due to Petitioner's hostile and abusive conduct toward counsel. Id. at 40. Counsel's motion to withdraw was granted, and new counsel was appointed. Id. at 49-50. Following discovery, a guilty plea by a co-defendant,[1] and the denial of a motion to suppress, Petitioner and two co-defendants proceeded to trial. Id. at 56-73. On February 26, 2004, a jury convicted Petitioner of trafficking in cocaine, and the trial court sentenced Petitioner to thirty years imprisonment. Id. at 72-70. The two co-defendants were found not guilty. Id. at 72.

On February 27, 2004 Petitioner, through his trial counsel, filed a motion for new trial. Id. at 75. On March 31, 2004, counsel moved to withdraw and have new appellate counsel appointed so Petitioner could pursue claims of ineffective assistance of trial counsel. Id. at 81. Counsel's motion was granted, and new appellate counsel was appointed on April 29, 2004. Id. at 84-85. The trial court then assigned new court-appointed counsel for Petitioner on September 14, 2004, and again on October 14, 2004. Id. at 86-87. The hearing on Petitioner's motion for new trial was continued multiple times in 2005. Id. at 93-96. At a hearing on August 29, 2005, the trial court discovered that Petitioner had discharged his most recent court appointed counsel. Doc. 10-2 at 5. Following the hearing, the trial court relieved counsel from representing Petitioner and ordered that new counsel be appointed. Id. Because Petitioner's newly appointed counsel failed to supplement the record or file a brief regarding Petitioner's motion for new trial, the trial court denied Petitioner's motion for new trial on August 21, 2006. Id. at 7.

At some point thereafter, Petitioner filed a state habeas corpus petition in Mitchell County. See Doc. 10-5. Petitioner then voluntarily moved to dismiss his state petition without prejudice, and his motion was granted on February 15, 2007. Id.  On May 30, 2007, Petitioner

---

[1] Although a copy of co-defendant Kevin Anderson's guilty plea is not in the record, it is apparent that he pleaded guilty based on Petitioner's request for the transcript of co-defendant Anderson's sentencing. See Doc. 10-1 at 56.

filed a *pro se* extraordinary motion for out-of-time appeal. Id. at 9. After taking into consideration the timing of the motion, the jury verdict, and the overwhelming evidence of guilt, the trial court denied Petitioner's motion on June 6, 2007. Id. at 14. In the order denying Petitioner's motion, the trial court informed Petitioner that he maintained the right to file a state petition for habeas corpus relief. Id.

Petitioner then retained new counsel. Doc. 10-3 at 1. On October 1, 2007, through retained counsel, Petitioner filed a motion for a hearing on Petitioner's previously filed a motion for new trial or in the alternative for out-of-time appeal. Doc. 10-3 at 2. The trial court denied Petitioner's motion for a hearing but granted the motion for an out-of-time appeal. Id. at 9-10. Petitioner then filed an appeal on January 25, 2008. Id. at 12. The Georgia Court of Appeals remanded Petitioner's case to the trial court for a hearing on his motion for new trial. Doc. 10-4 at 8. Following a hearing on Petitioner's motion for new trial and consideration of all of Petitioner's motions, the trial court denied the motion for new trial on May 19, 2009. Id. at 12.

Petitioner then filed a *pro se* motion to appoint appellate counsel, which the trial court granted on October 2, 2009. Id. at 14. After securing an extension of time to file an appeal, Petitioner's new counsel filed an emergency request to withdraw from representation, citing aggressive and abusive phone calls by both Petitioner and Petitioner's family toward counsel and counsel's staff. Id. at 15. Counsel also stated that Petitioner refused to cooperate and made continuous demands about how counsel was to proceed with the appeal. Id. The trial court granted counsel's emergency request to withdraw on November 19, 2009. Id. at 21. The trial court then appointed new counsel for Petitioner. Id. at 23.

On March 24, 2010, the Georgia Court of Appeals dismissed Petitioner's appeal because Petitioner failed to file a timely brief. Id. at 24. Petitioner then filed a *pro se* motion for out-of-

time appeal. Id. at 25. On May 11, 2010, Petitioner's counsel filed a motion for out-of-time appeal, stating that she had failed to file a timely brief due to illness. Id. at 33. The trial court granted Petitioner's motion, and Petitioner filed a notice of appeal. Id. at 41-42. After granting two extensions of time to file a brief and denying a third, the Georgia Court of Appeals dismissed Petitioner's appeal on September 8, 2010 for failing to file a brief. Id. at 45. In the order denying the appeal, the court of appeals informed Petitioner that he might have the right to file another out-of-time appeal. Id. Meanwhile, Petitioner was released from prison and placed on parole on July 19, 2010. Id. at 44.

On October, 20, 2010, Petitioner's counsel filed another motion for out-of-time appeal, stating that she had been unable to file the appeal due to the inability to obtain the entire trial record. Id. at 48. The trial court granted the motion, and Petitioner filed a notice of appeal. Id. at 58-59. Once again, the Georgia Court of Appeals eventually dismissed the appeal for failing to file a brief. Id. at 62. The court of appeals again informed Petitioner that he might have the right to file another out-of-time appeal. Id.

Petitioner's counsel then filed another motion for out-of-time appeal, citing both her illness and inability to obtain the entire trial record as reasons for failing to file the appeal. Id. at 65. The trial court set a hearing on the motion for March 17, 2011. Id. at 64. At the hearing, Petitioner's counsel moved to withdraw from representation. Id. at 73. In her motion to withdraw, counsel stated that Petitioner had become angry and belligerent toward counsel regarding his appeal and the upcoming hearing, and demanded that counsel withdraw from representation. Id. Following the hearing, the trial court granted both counsel's motion to withdraw and the motion for out-of-time appeal on March 17, 2011. Id. at 72, 76. Petitioner, still out of prison on parole at the time, failed to appear at the hearing. See Doc. 6 at 5-6.

On April 19, 2011, Petitioner filed a *pro se* notice of appeal. Doc. 10-4 at 78. On May 23, 2011, the Georgia Court of Appeals determined that it lacked jurisdiction and dismissed Petitioner's appeal as untimely due to Petitioner's failure to file his notice of appeal within thirty days of the granting of the out-of-time appeal. Id. at 80. On March 1, 2012, Petitioner filed another *pro se* motion for out-of-time appeal. Doc. 6 at 8. The trial court denied Petitioner's motion on March 20, 2012. Doc. 10-4 at 84. On April 4, 2012, Petitioner filed a *pro se* notice of appeal in the trial court. Doc. 6 at 8. On April 24, 2012, the trial court again denied Petitioner's motion. Doc. 10-4 at 86.

On May 31, 2012, Petitioner filed his federal habeas corpus petition. Doc. 1. Respondent then filed the instant Motion to Dismiss alleging that Petitioner's federal petition is untimely filed. Doc. 9.

## DISCUSSION

Respondent contends that Petitioner's federal habeas corpus petition should be dismissed as untimely because Petitioner failed to submit his petition within one year of Petitioner's conviction becoming final. Because Petitioner did not submit his petition within one year of his conviction becoming final and because he has failed to show that he is entitled to equitable tolling, Petitioner's federal habeas petition must be dismissed as time-barred.

### The AEDPA and Finality of Judgment

Pursuant to the AEDPA, an individual seeking a federal writ of habeas corpus must file his petition within one year of "the date on which judgment became final by the conclusion of direct review or the expiration of time seeking such review." 28 U.S.C. § 2244(d)(1)(A).[2] Finality of judgment pursuant to Section 2244(d)(1)(A) consists of two prongs, and each prong

---

[2] The one-year limitation may be triggered by other events described in 28 U.S.C. § 2244(d)(1); however, none of those grounds are applicable in this case.

5

relates to a distinct category of petitioners. Gonzalez v. Thaler, 312 S.Ct. 641, 653 (2012). For a petitioner who pursues direct review all the way to the United States Supreme Court, his judgment becomes final at the "conclusion of direct review" when the United States Supreme Court affirms the conviction on the merits or denies a petition for certiorari. Id. For a petitioner who does not pursue direct review all the way to the United States Supreme Court, his judgment becomes final at the "expiration of the time for seeking such review," that is, when the time for pursing direct review expires. Id. at 653-54. See also Pugh v. Smith, 465 F.3d 1295, 1299 (11th Cir. 2006).

The filing of an out-of-time appeal may alter when a judgment becomes final. "Where a state court grants a criminal defendant the right to file an out-of-time direct appeal…before the defendant has first sought federal habeas relief, his judgment is not yet 'final' for purposes of § 2241(d)(1)(A)." Jimenez v. Quarterman, 555 U.S. 113, 121 (2009). The judgment is not final because direct review is still available once the state court grants the right to file an out-of-time appeal. Id. at 119. In cases where the right to file an out-of-time appeal is granted, finality of judgment attaches in the same manner as discussed above. See id. at 121; Gonzalez, 132 S. Ct. at 653 (clarifying the holding in Jimenez). If the out-of-time appeal is pursued in the United States Supreme Court, judgment becomes final at the conclusion of the out-of-time direct appeal. See id. Otherwise, judgment becomes final when the time for pursuing the out-of-time appeal expires. Id.

In this case, Petitioner's judgment became final on April 18, 2011. Pursuant to Jimenez, Petitioner's judgment was not yet final at the time the trial court granted his motion for out-of-time appeal on March 17, 2011. Because Petitioner did not pursue his out-of-time appeal all the way to the United States Supreme Court, Petitioner's judgment became final when the time to

pursue his out-of-time appeal expired. Petitioner's time to pursue his out-of-time appeal expired on Monday April 18, 2011, thirty days after the trial court granted his motion for out-of-time appeal.[3] See O.C.G.A. § 5-6-38 (a notice of appeal must be filed within thirty days); see also Carr v. State, 281 Ga. 43, 44 (2006) (stating that a defendant granted an out-of-time appeal by the trial court will have thirty days from the grant of the motion to file a notice of appeal). Although Petitioner filed a notice of appeal that was dismissed by the Georgia Court of Appeals as untimely, his judgment had already become final prior to his filing.

Petitioner contends that this Court should find that his notice of appeal was timely filed pursuant to the mailbox rule. Petitioner claims that he placed his motion in the mail prior to the expiration of his time to file his notice of appeal. Georgia's mailbox rule is extremely limited, however, and only applies to the filing of an application for a certificate of probable cause to appeal and a notice to appeal the denial of state habeas corpus petition by an incarcerated *pro se* litigant. See Roberts v. Cooper, 686 Ga. 657, 659 (2010). In Georgia, the mailbox rule "does not exempt a pro se [litigant] from complying with the statutory requirements to file a timely notice of appeal in any non-habeas criminal or civil filing." Riley v. State, 280 Ga. 267, 268 (2006). It is well established that federal courts are bound by the interpretations of state statutes by the state's highest court. See O'Brien v. Skinner, 414 U.S. 524, 531 (1974). Accordingly, the Georgia Court of Appeals correctly determined that Petitioner's notice of appeal was not timely filed. Petitioner's judgment therefore became final on April 18, 2011.

Petitioner failed to file his federal petition within one year of his judgment becoming final. Petitioner allowed 409 days to pass before filing his federal petition on May 31, 2012. As such, Petitioner filed his federal petition forty-four days after the expiration of the one-year limitations period.

---

[3] The thirtieth day fell on a Saturday.

Statutory Tolling

The one-year period of limitations runs until the petitioner files a state motion for post-conviction relief. The limitations period is tolled while "a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending." 28 U.S.C. 2244(d)(2). A state post-conviction motion or petition dismissed by the state court as untimely filed is not properly filed for purposes of tolling. Allen v. Siebert, 552 U.S. 3, 3 (2007). The one-year period then resumes running when the state's highest court issues a mandate disposing of the motion for post-conviction relief. Lawrence v. Florida, 549 U.S. 327, 331-32 (2007).

In this case, there are two time periods following Petitioner's judgment becoming final during which Petitioner might be entitled to statutory tolling: (1) for nineteen days between the filing of a motion for out-of-time appeal on March 1, 2012 and the denial on March 20, 2012, and (2) for twenty days between the filing of a notice of appeal on April 4, 2012 and the denial on April 24, 2012. Even if Petitioner is entitled to tolling during both of the time periods, his federal petition is out-of-time by five days.

Although it is not established in this circuit, a motion for out-of-time appeal may toll an unexpired AEDPA period. See Miller v. Crosby, 180 Fed. Appx. 126, 128 (11th Cir. 2006) (declining to reach the issue because the petition was untimely regardless whether the limitations period was tolled during pendency of the motions seeking late appeal). Assuming that the limitations period was tolled for nineteen days while Petitioner's final motion for out-of-time appeal was pending, Petitioner's federal petition would be out of time by twenty-five days.

Petitioner is not entitled to tolling, however, during the pendency of his final notice of appeal. Because Petitioner's motion for out-of-time appeal was not granted, he was not

8

authorized to file a notice of appeal. Thus, his notice of appeal was not properly filed. As stated above, even if Petitioner were entitled to tolling during this time period, his petition would be five days out of time. Accordingly, Petitioner's federal petition is time-barred.

### Equitable Tolling

Petitioner has also failed to show that he is entitled to equitable tolling of the limitations period. Under very limited circumstances, the doctrine of equitable tolling allows the district court to review the petition if the Petitioner shows "(1) that he has been pursuing his rights diligently, *and* (2) that some extraordinary circumstance stood in his way and prevented timely filing. San Martin v. McNeil, 633 F.3d 1257, 1267 (11th Cir. 2011) (emphasis added); Sandvik v. United States, 177 F.3d 1269, 1271 (11th Cir. 1999) (emphasis added). Equitable tolling "asks whether federal courts may excuse a petitioner's failure to comply with *federal* timing rules, an inquiry that does not implicate a state court's interpretation of state law." Holland v. Florida, 130 S.Ct. 2549, 2562 (2010) (emphasis in original). Such tolling applies only in truly extraordinary circumstances. Jones v. United States, 304 F.3d 1035, 1039-40 (11th Cir. 2002). The petitioner bears the burden of proving the circumstances that justify the use of equitable tolling. Drew v. Department of Corrections, 297 F.3d 1278, 1286 (11th Cir. 2002).

In this case, Petitioner has failed to allege extraordinary circumstances that prevented him from timely filing his federal habeas petition. Although the unusual and lengthy procedural history of this case is filled with missed filing deadlines and attorney substitutions, all of those circumstances occurred prior to Petitioner's judgment becoming final. Petitioner presents evidence that he diligently pursued his rights by filing more motions in state court after his judgment became final, but he has not presented evidence of any circumstances preventing him from filing his federal petition during that same time period. Accordingly, Petitioner has failed to

show that he is entitled to equitable tolling. Petitioner's federal habeas petition, therefore, must be dismissed as time-barred.

## CONCLUSION

Because Petitioner failed to file his federal habeas corpus petition within the one-year period of limitations and because Petitioner has failed to show that he is entitled to equitable tolling, **IT IS RECOMMENDED** that Respondent's Motion to Dismiss be **GRANTED,** and the instant Section 2254 petition be **DISMISSED.** In view of the above recommendation, it is **RECOMMENDED** that Petitioner's Motion to Dismiss Constitutional Claim Six of the Petition and Motion for Evidentiary Hearing be **DISMISSED** as moot.

Pursuant to the requirements of Section 2254 Rule 11(b), it does not appear that Petitioner has made a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483-84 (2000) (explaining how to satisfy this showing) (citation omitted). Accordingly, **IT IS FURTHER RECOMMENDED** that the Court deny a certificate of appealability in its final order.

Pursuant to 28 U.S.C. § 636(b)(1), the parties may serve and file written objections to this recommendation with the district judge to whom this case is assigned within fourteen (14) days after being served with a copy thereof.

**SO RECOMMENDED**, this 21st day of May, 2013.

s/ Charles H. Weigle
Charles H. Weigle
United States Magistrate Judge